IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK WILSON,

    Plaintiff,

v.

JORDAN AUTO'S,

    Defendant.

CIVIL ACTION NO.

1:08-CV-3778-JFK

## **ORDER AND WRITTEN OPINION**

Plaintiff Derek Wilson ("Wilson") filed the above-styled action against Defendant Jordan Auto's on December 15, 2008, alleging that Defendant subjected him to racial discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.[1] [Doc. 1]. Jordan Auto's has filed a motion [Doc. 6][2] to dismiss Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, based on improper venue (Rule 12(b)(3)), insufficiency of service of process (Rule 12(b)(5)), and for failure to

---

[1]The complaint, which seeks damages under 42 U.S.C. § 1981a for intentional discrimination in employment, apparently also alleges that Defendant's discriminatory practices violated Plaintiff's civil rights under 42 U.S.C. § 1981.

[2]Defendant has not filed a separate memorandum in support of its motion to dismiss, as required by the court's Local Rules. See LR 7.1A(1) N.D. Ga.

AO 72A
(Rev.8/82)

state a claim upon which relief can be granted (Rule 12(b)(6)). Plaintiff Wilson, who is proceeding pro se, has filed a response opposing the motion to dismiss. [Doc. 14]. Defendant has not filed a reply.

**I.     Background Facts**

Plaintiff Wilson, a Georgia resident, is an African-American male who began working for Jordan Auto's on or about July 2006, as a car salesman. [Doc. 1 ¶¶ 11, 12]. The principal office of Jordan Auto's is located at 628 Cobb Parkway, Marietta, Georgia 30064. [Id. ¶ 5]. Jordan Auto's also has a location at 6670 Tara Boulevard, Jonesboro, Georgia. [Id. ¶ 4]. Jordan Auto's employs more than fifteen persons and is owned by Mr. Ali Hawari,[3] a Muslim. [Id. ¶¶ 5, 9, 10].

During his fifteen months of employment at Jordan Auto's and prior to filing an EEOC complaint in July 2007, Plaintiff never received any type of discipline. [Id. ¶ 16]. He had ten prior years of direct sales experience [Id. ¶ 17]; he was a top sales person at Jordan Auto's and performed competently [Id. ¶ 14]; and his evaluations were satisfactory or above [Id. ¶ 13]. Plaintiff alleges that Mr. Hawari routinely paid sales people of Muslim descent a stipend when they were hired and that Mr. Hawari

---

[3]See p. 9, *infra*. According to the Georgia Secretary of State Corporations website, Mr. Hawari's name is spelled "Hawwari."

2

did not pay a similar stipend to black sales persons. [Id. ¶ 15]. Plaintiff also alleges that although his performance was satisfactory, he was passed over three times for a management position and that, after he complained each time to the sales manager, Mr. Abu Bekarii, he was subjected to disparaging racial remarks and hostile treatment by Mr. Bekarii. [Id. ¶¶ 18-20]. Plaintiff alleges that Mr. Bekarii called him a "nigger" over the public address system and that Mr. Bekarii, on at least three different occasions, told Plaintiff that the reason the owner, Mr. Ali Hawari, was not going to promote Plaintiff to manager was because he was "black." [Id. ¶ 22]. Plaintiff contends that after he filed a racial discrimination complaint with the EEOC, Mr. Bekarii threatened to kill him. [Id. ¶¶ 23, 24]. Plaintiff met with Mr. Hawari about Mr. Bekarii's derogatory treatment and being passed over for promotion, and Mr. Hawari said that he would give Mr. Bekarii two weeks to straighten up or be terminated and that Plaintiff should call Mr. Hawari if he had further problems with Mr. Bekarii. [Id. ¶¶ 25-28]. After that meeting, Mr. Bekarii forbade Plaintiff from using the telephone at work and otherwise is alleged to have adversely affected Plaintiff's sales volume. [Id. ¶¶ 29-31]. Plaintiff called Mr. Hawari to complain, but Mr. Hawari would not take Plaintiff's calls [id. ¶ 32] and, instead, had one of his assistants, Mazan, tell Plaintiff that he could transfer to the Tara Boulevard location [id. ¶ 33]. Plaintiff did,

3

AO 72A
(Rev.8/82)

apparently, transfer to the Tara Boulevard location. [Defendant's Answer, Doc. 5 ¶ 36]. He complains that Mr. Hawari took no corrective action to change the hostile work environment; that Plaintiff was never promoted; and that Plainitff was not offered an apology for the derogatory treatment he suffered. [Doc. 1].

## II. Procedural History

Plaintiff requested service of a summons and a copy of the complaint on Jordan Auto's at 628 Cobb Parkway, Marietta, GA 30064 [Doc. 1-2]; however, that office has been shut down [Doc. 14 ¶ 5]. The summons and complaint were served on a Mr. Mohammad Hawari, at Jordan Auto's other location at 6670 Tara Boulevard, Jonesboro, Georgia 30236, on December 18, 2008. [Doc. 4; Doc. 14 ¶¶ 3, 4]. Defendant contends that Plaintiff left a copy of the complaint with someone not associated with Defendant's dealership and not authorized to receive service for Defendant. [Doc. 6 ¶¶ 2, 6]. Plaintiff contends that Mr. Mohammad Hawari announced to the process server that he was an officer/manager of Jordan Auto's. [Doc. 14 ¶ 6].

Additional facts will be set forth below as they become necessary for discussion of Plaintiff's claim.

## III. Discussion

## A. Venue under Rule 12(b)(3)

Offering no legal or factual basis for the challenge to venue, Defendant alleges that venue is improper and that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). [Doc. 6]. "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D. D.C. 2002). And, "[t]o prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." Id. at 277. "Venue for civil actions alleging employment discrimination is governed by 42 U.S.C. § 2000e-5(f)(3). . . ." Kravec v. Chicago Pneumatic Tool Co., 579 F. Supp. 619, 621 (N.D. Ga. 1983); see also Prather v. Raymond Construction Co., Inc., 570 F. Supp. 278, 282 (N.D. Ga. 1983) ("It is well settled that Title VII has its own special venue provision."). Section 2000e-5(f)(3) provides in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the

> judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.[4]

"The three choices for venue set forth above [ ] strictly govern claims under Title VII." Morrow v. Federal Aviation Administration, 573 F. Supp. 52, 53 (S.D. Miss. 1983); see also Stacy v. Hilton Head Seafood Co., 688 F. Supp. 599, 604 n.2 (S.D. Ga. 1988) ("Title VII's venue provisions are exclusive; they do not merely supplement the general venue provisions of 28 U.S.C. § 1391."); Kravec, 579 F. Supp. at 622 ("[C]laims brought under Title VII are strictly governed by the venue provisions of § 2000e-5(f)(3) rather than by the general venue statute, 28 U.S.C. § 1391."); Foxx v. Dalton, 46 F. Supp. 2d 1268, 1275 (M.D. Fla. 1999) ("It was the clear intent of Congress to allow lawsuits such as these to only be brought in districts that are concerned with the alleged employment discrimination.").

All of the employment practices challenged in this action took place within the Northern District of Georgia. [Doc. 1]. Defendant's principal place of business at 628 Cobb Parkway, Marietta, Georgia 30064, in Cobb County, and Defendant's other

---

[4]This section also provides that "if the respondent is not found within any such district, an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). "This provision only comes into play when defendant cannot be found in any of the other judicial districts provided for." Kravec, 579 F. Supp. at 622 n.2. This provision is not applicable to the facts of this case.

6

AO 72A
(Rev.8/82)

location at 6670 Tara Boulevard, Jonesboro, Georgia, in Clayton County, are both within the Northern District of Georgia. Accordingly, Defendant's motion to dismiss for lack of venue is without merit and is, in fact, frivolous arguably warranting sanctions. In so far as Defendant seeks to dismiss the complaint based on Rule 12(b)(3), the court **ORDERS** that Defendant's motion to dismiss be **DENIED**.

### B. Sufficiency of Service of Process under Rule 12(b)(5)

Having determined that venue is proper in the Northern District of Georgia, the court next addresses Defendant's argument that Plaintiff has not properly effectuated service of the summons and complaint. "A defendant may object to service by filing a motion to dismiss pursuant to . . . Rule 12(b)(5) (challenging sufficiency of service). An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" Binns v. City of Marietta Housing Authority, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007) (citation omitted). "If a party fails to raise a sufficiently clear and specific objection in its initial responsive pleading, however, the objection is deemed waived pursuant to Rule 12(h)(1). . . . That is, if the court is 'unable to determine from looking at the summons and the [ ] return of service [or other supporting evidence] that the defendant was not properly served,' the defendant has not sufficiently raised a

7

challenge to service of process and any such challenge is waived." Id. (citations omitted).

Courts have found waiver where the defendant failed to include an affidavit or other evidence in support of its claim of insufficient service. Binns, 2007 WL 2746695, at *2 (citing Griffin-Nolan v. Providence Washington Ins. Co., 2005 WL 1460424, at *3 (N.D. N.Y. June 20, 2005) (finding that "common sense dictate[s] that a motion to dismiss for a failure to serve summonses requires a supporting affidavit" and denying Rule 12(b)(5) motion to dismiss for failure to include such affidavit); Dixie Restaurants, Inc. v. Philips Consumer Elecs. Co., 2005 WL 948802, at *2 (W.D. Tenn. Feb. 18, 2005) (denying Rule 12(b)(5) motion where defendant did not offer any evidence or information to explain its contention that service never occurred)). Here, as in Binns, Defendant, which is represented by counsel, has not filed an affidavit or any other evidence attesting to the facts summarily asserted in its motion to dismiss nor offered any legal authority in support of the challenge to service of process.

Defendant contends that Mohammad Hawari, who bears the same proper name as the owner of Defendant's Dealership and with whom Plaintiff's service processor left a copy of the complaint, was not associated with Defendant's Dealership and not authorized to receive service for Defendant. [Doc. 6 ¶¶ 2, 6]. Plaintiff contends that

8

AO 72A
(Rev.8/82)

Mr. Mohommad Hawari announced to the process server that he was an officer/manager of Jordan Auto's. [Doc. 14 ¶ 6]. In Georgia, service upon corporations is governed by O.C.G.A. § 9-11-4(e)(1), which provides in pertinent part:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) If the action is against a corporation . . . to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. . . .

Jordan Auto's appears to be an active corporation in the state of Georgia, as evidenced by the Secretary of State Corporations website which lists Jordan Autos, Inc., at 628 Cobb Parkway S.E., Marietta, Georgia 30060, with Ali Hawwari at that address as its CEO. [See http://corp.sos.state.ga.us/corp/soskb/Corp]. Defendant's bald assertion that service was improper is not supported by any evidence. While Plaintiff (also) has not submitted an affidavit from the process server in support of his response to the motion to dismiss, the court has no basis upon which to consider the merits of Defendant's objection to service. The court is unable to determine from looking at the summons that Defendant was not properly served; therefore, Defendant has not sufficiently raised a challenge to service of process and any such challenge is waived. Accordingly, insofar as Defendant seeks dismissal based on insufficiency of service

9

of process pursuant to Rule 12(b)(5), the court **ORDERS** that Defendant's motion to dismiss be **DENIED**.[5]

### C. Rule 12(b)(6) Motion to Dismiss

Defendant's motion is entitled, in part, as a motion to dismiss for failure to state a claim upon which relief can be granted or as "the alternate motion" for a more definite statement. Defendant has offered absolutely no argument in support of its motion to dismiss based on Rule 12(b)(6) for failure to state a claim or to explain why Plaintiff should be required to make a more definite statement of his claims against Jordan Auto's. As noted *supra*, Defendant's motion is not accompanied by a memorandum of law supporting the motion to dismiss. In light of the lack of legal authority or argument offered by Defendant, the court cannot find based on its review of the complaint that Plaintiff has failed to state a claim upon which relief can be

---

[5]The court also notes, as pointed out by Plaintiff [Doc. 14 ¶ 1], that Defendant has not complied the court's Local Rules and the Federal Rules of Civil Procedure, as Defendant apparently failed to serve the opposing party (Plaintiff) with a copy of either the answer or Defendant's motion to dismiss. See LR 5.2A, N.D. Ga.; Fed. R. Civ. P. 5.

10

AO 72A
(Rev.8/82)

granted.[6] Accordingly, the court **ORDERS** that Defendant's Rule 12(b)(6) motion to dismiss or, in the alternative, motion for a more definite statement be **DENIED.**

## IV. Conclusion

Based on the foregoing reasons and cited legal authority, the court **ORDERS** that Defendant Jordan Auto's motion [Doc. 6] to dismiss be **DENIED**.

**SO ORDERED**, this 16th day of March, 2009.

*[signature]*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[6]The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. The rules of notice pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (as amended 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting Twombly, 550 U.S. at __, 127 S. Ct. at 1966-67). The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted).

11

AO 72A
(Rev.8/82)